[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S PETITION FOR AN AWARD OF ATTORNEY'S FEES AND COSTS
The court is in receipt of a February 28, 2002 motion and affidavit regarding attorneys' fees and costs. On March 28, 2002, after a final draft of this decision was prepared, a defendants' response arrived, under date of March 22, 2002. Its arguments have been weighed.
The promissory note which was an integral part of the revolving credit arrangement between the parties provides for the recovery of "reasonable attorney's fees incurred in collection." The note to which plaintiff refers does not mention costs and counsel's memorandum and affidavit do not cite a specific contractual or statutory basis for costs. No costs are awarded. ($3,343.77 was sought.)
The court accepts as true plaintiff's representations and evidence in support of the claim that $72,321.80 worth of reasonably priced professional time was expended. (The court has also noted the affidavit of Attorney Peter M. Nolin as to the reasonableness of hourly rates enumerated in the records of the law firm(s) of plaintiff's counsel in this litigation.)
It should be noted that the debt award issued by this court was in an amount less than plaintiff sought. It seems only fair, therefore, that that be taken into consideration in awarding fees, for as to any dollar sought but not won, there is no plaintiff's "victory." As a result, the court is constrained to award an amount in fees proportional to that awarded in the litigation.
In July, 2001, the court awarded "49,176.08 in addition to interest of 8% per annum pursuant to the credit agreement." [The court went on to CT Page 4175 next rule that "each party is responsible for its own attorney's fees." It is that pronouncement, obviously, upon which the court has reversed itself upon the requested reconsideration.] The court had been asked to award $112,334.75 not including interest and attorney's fees. (See page three of this court's decision of July 19, 2001, which cited a transcript page and a post-trial brief of plaintiff.). As a result, the plaintiff prevailed upon forty-four (44) percent of its claim. That percentage of reasonably-priced fees of $72,321.80 amounts to $31,821.59. The court therefore awards $31,821.59 in attorney's fees.
Two items should be noted. First, the court is aware that a proportional fee award leaves unexamined the possibility that more or less time was expended upon successful or unsuccessful aspects of plaintiff's claim. Neither side has vied for the truly grisly, daunting and likely impossible task of such a sorting, thus one is left to the proportioning done above.
Finally, no award of fees has been made based upon the interest the court awarded in its July 19, 2001 opinion. This is so for two reasons. First, plaintiff's recent submission does not refer to this factor. The court has concluded that what it intended then has probably occurred, that the parties have reached an agreement as to what the interest amount would be, doing their own calculations. Whatever that result, it has not been put to the court as a basis for further fee recovery. Second, the court is not wholly persuaded that statutory interest is truly linked to legal labor expended, for it "kicks in" presumably without further measurable time expended.
The court awards $31,821.59 in counsel fees to plaintiff.[1]
Thomas L. Nadeau Judge